SUSAN K. GAREA, SBN 260407
**BEESON, TAYER & BODINE, APC**
492 Ninth Street, Suite 350
Oakland, CA  94607-3865
Telephone:     (510) 625-9700
Facsimile:     (510) 625-8275
Email:         sgarea@beesontayer.com

Emily K. Pantoja [DC Bar No. 90011142]
*admitted pro hac vice*
**INTERNATIONAL BROTHERHOOD OF TEAMSTERS**
25 Louisiana Ave., NW
Washington, DC  20001
Telephone:     (202) 624-8710
Facsimile:     (202) 624-8970
Email:         EPantoja@teamster.org

Attorneys for Defendants INTERNATIONAL BROTHERHOOD
OF TEAMSTERS and TEAMSTERS LOCAL 986

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**AT SAN FRANCISCO**

| | |
|---|---|
| JAMES E. SEITZ,<br><br>                          Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, TEAMSTERS LOCAL 986,<br><br>                          Defendants. | Case No. 3:23-CV-01716-LB<br><br>*Assigned to Hon. Judge Laurel Beeler*<br><br>**DEFENDANTS INTERNATIONAL BROTHERHOOD OF TEAMSTERS' AND TEAMSTERS LOCAL 986's OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(b)(2)**<br><br>Judge:            Magistrate Judge Laurel Beeler<br>Complaint Filed:  April 10, 2023 |

## I.   INTRODUCTION

Plaintiff's untimely Motion for Relief from Judgment must be dismissed as it was filed more than a year after the judgment was entered, rendering the motion untimely. *See* Fed. R. Civ. P.

**DEFENDANTS IBT'S AND TEAMSTERS LOCAL 986's OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(b)(2)**
Case No. 3:23-CV-01716-LB

1413837.docx
(1144-0045)

1

60(c)(1). Moreover, even if timely, the motion is procedurally deficient and substantively baseless on the following grounds. The motion is deficient as it failed to include an affidavit to support the facts that are outside the record. Furthermore, the motion is not based on any newly discovered "evidence." Plaintiff has identified no new facts. The "newly discovered evidence" put forth by Plaintiff fails to meet the standards under Rule 60(b)(2).

## II.   ARGUMENT

### A. This Court Does Not Have Jurisdiction to Grant Plaintiff's First Request to Grant the Rule 60(b) Motion and Reopen the Case for Further Proceedings

Plaintiff requested that this Court "grant this Rule 60(b) motion and reopen the case for further proceedings." (Plaintiff's Motion, p. 6.) This Court does not have jurisdiction to grant Plaintiff's motion as the case is currently on appeal at the Ninth Circuit. *See Long v. Bureau of Economic Analysis*, 646 F.2d 1310, 1318 (9th Circuit), vacated on other grounds, 454 U.S. 934 (1981) ("In this circuit, the rule has generally been stated that the filing of a notice of appeal divests the district court of jurisdiction to dispose of the motion after an appeal has been taken, without a remand from this court."). Plaintiff's appeal has already been fully briefed at the Ninth Circuit since March 5, 2025, and is awaiting judgment. Therefore, this Court cannot grant Plaintiff's motion as it lacks jurisdiction to do so.

### B. Plaintiff's Request for an Indicative Ruling Under FRCP 62.1 Must Be Denied as It Is Untimely

Plaintiff requested, in the alternative, that the Court issue an indicative ruling under FRCP 62.1, which allows a court that otherwise lacks authority to issue an indicative ruling on a **timely** motion. *See* Fed. R. Civ. P. 62.1(a) (emphasis added). As further detailed below, Plaintiff's motion is untimely and thus cannot be considered under FRCP 62.1.

A motion under FRCP 60(b)(2) must be made no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). The judgment was issued on September 3, 2024. Plaintiff's motion would have needed to be filed on or before September 3, 2025 to be considered timely under FRCP 60(c). As such, Plaintiff's untimely motion cannot be considered under FRCP 62.1. *See Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (holding that the

2

**DEFENDANTS IBT'S AND TEAMSTERS LOCAL 986's OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(b)(2)**
Case No. 3:23-CV-01716-LB

1413837.docx
(1144-0045)

one-year limitation period for filing a 60(b)(2) motion is not tolled during appeal.) There is no applicable exception. Thus, the motion is untimely and must be denied.

Timeliness notwithstanding, Plaintiff's motion fails to meet the procedural or substantive standards under FRCP 60(b)(2).[1]

### C. Plaintiff's Motion Should Be Denied as it Failed To Include an Affidavit

Plaintiff failed to file an accompanying affidavit verifying the facts alleged in the motion and thus the motion should be considered deficient. Because a party seeking relief from judgment under FRCP 60 "will likely be relying on facts unavailable in the record, the motion should be supported by an affidavit verifying the facts stated in the motion and any supporting documents." *See Sloss Indus. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007); *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320–21 (2d Cir. 1986). Plaintiff failed to include an accompanying affidavit verifying the supposed new facts that are not in the record. Furthermore, Plaintiff's Exhibit 1 does not identify any new facts. Plaintiff's failure to include an affidavit outlining any facts to be considered outside of the record renders the motion deficient.

### D. Plaintiff Did Not Present Any New Material Evidence to Support His Motion

Federal Rule of Civil Procedure 60(b)(2) allows for relief from a final judgment, order, or proceeding based on newly discovered evidence that could not have been discovered in time to move for a new trial A decision to overturn a judgment under Rule 60(b) is considered "extraordinary relief." *Mitchell v. Shalala*, 48 F.3d 1039, 1041 (8th Cir. 1995).

Such relief is only warranted if "(1) the moving party can show the evidence relied on in fact constitutes newly discovered evidence within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (citation and

//

---

[1] Plaintiff's motion includes a passing reference to FRCP 60(b)(6), claiming that the motion should be granted "in the alternative, under FRCP 60(b)(6), any other reason that justifies relief, such as the issuance of an indicative ruling under FRCP 62.1." (Plaintiff's Mot., p. 6.) Plaintiff misunderstands FRCP 60(b)(6) and the motion does not set forth any other reason that justifies relief.

3

**DEFENDANTS IBT'S AND TEAMSTERS LOCAL 986's OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(b)(2)**
Case No. 3:23-CV-01716-LB

1413837.docx
(1144-0045)

internal quotation marks omitted). Plaintiff has failed to satisfy even one of the three necessary elements.

Plaintiff brings his motion on a claim of a newly discovered "evidence," yet Plaintiff identifies not one newly discovered fact. Rather, Plaintiff identifies a determination by the EEOC in a claim against Plaintiff's employer who is not a party to this case. Neither the EEOC determination nor Plaintiff's motion identifies any newly discovered evidence. (See Plaintiff's Mot., Ex. 1.)

Plaintiff did not exercise due diligence. Plaintiff waited over 80 days from the EEOC determination to bring this motion. (Plaintiff's Motion, Ex. 1.) The EEOC issued its determination on August 21, 2025, and Plaintiff filed his motion on November 11, 2025—over two months past the one-year statute of limitations that expired on September 3, 2025. Plaintiff did not provide any justification for this unreasonable delay.

Finally, beyond a mere assertion that the EEOC determination constitutes material evidence that would change the outcome of the case, Plaintiff fails to identify how this EEOC determination could have any impact on the claim at issue against his union representative. Therefore, the motion should be denied as it fails to raise any new evidence that would alter the disposition of this case.

Dated:  December 8, 2025                                BEESON, TAYER & BODINE, APC


By:   */s/ Susan K. Garea*
         SUSAN K. GAREA
Attorneys for INTERNATIONAL
BROTHERHOOD OF TEAMSTERS

DEFENDANTS IBT'S AND TEAMSTERS LOCAL 986's OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(b)(2)
Case No. 3:23-CV-01716-LB

1413837.docx
(1144-0045)