1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                              San Francisco Division

11    JAMES EDWARD SEITZ,                      Case No. 23-cv-01716-LB

12                   Plaintiff,                **ORDER DENYING MOTION FOR**
                                               **RELIEF FROM JUDGMENT**
13          v.
                                               Re: ECF No. 59
14    INTERNATIONAL BROTHERHOOD
      TEAMSTERS, et al.,
15
                     Defendants.
16

17        The plaintiff sued the International Brotherhood of Teamsters (the national organization that

18   was a party to the collective bargaining agreement with United Airlines), Teamsters Local 986

19   (the local chapter), and several union representatives, asserting various claims including Title VII

20   religious discrimination and breach of the union's duty of fair representation. The court granted

21   the defendants' motion to dismiss and entered judgment for the defendants on September 3, 2024.[1]

22   The plaintiff timely appealed.

23        On August 21, 2025, the EEOC investigator made a final determination that the plaintiff's

24   employer, United Airlines, had discriminated against a class of employees, including the plaintiff,

25   by denying religious accommodations in violation of Title VII.[2] On November 12, 2025, the

26

27   [1] Orders – ECF Nos. 36, 55; J. – ECF No. 56. Citations refer to material in the Electronic Case File
     (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

28   [2] EEOC Determination, Ex. 1 to Pl.'s Decl. – ECF No. 63 at 4–5.

1    plaintiff moved for relief from judgment under Rule 60(b)(2) (citing the EEOC determination as

2    newly discovered evidence) and, alternatively, for an indicative ruling under Rule 62.1 stating that

3    the court would grant the motion or consider doing so if the case were remanded on appeal.[3]

4        The plaintiff's pending appeal divests the court of jurisdiction, but under Rule 62.1, the court

5    may "defer considering the motion," "deny the motion," or state that the court "would grant the

6    motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(a)(1)–(3). The

7    defendants contend that the plaintiff's request for an indicative ruling should be denied because he

8    filed it past the one-year deadline for motions made under Rule 60(b)(2), he did not support the

9    EEOC determination with an affidavit, the EEOC determination does not contain newly

10   discovered facts, the plaintiff did not exercise due diligence by waiting over eighty days to file the

11   motion, and the EEOC determination does not change the outcome of case.[4] The plaintiff replied

12   that there is no time limit for indicative rulings requested under Rule 60(b)(6), he has

13   supplemented the record with an affidavit supporting the EEOC determination, and the EEOC

14   determination is material evidence because it shows that the defendants discriminated against him

15   through its adoption of the employer's policy.[5]

16       The plaintiff has not shown that he warrants relief under Rule 60(b)(2) or (6).

17       Rule 60(b)(2) requires the moving party to (1) show the evidence relied on constitutes newly

18   discovered evidence, (2) exercise due diligence to discover this evidence, and (3) show that the

19   newly discovered evidence would likely have changed the disposition of the case. *Marroquin v.*

20   *City of Los Angeles*, 112 F.4th 1204, 1217 (9th Cir. 2024) (cleaned up). A motion under Rule

21   60(b)(2) must be made "no more than a year after the entry of the judgment or order or the date of

22   the proceeding." Fed. R. Civ. P. 60(c)(1).

23       Here, the EEOC decision does not change the result of the court's prior order. As the plaintiff

24   recognized, the court dismissed the plaintiff's Title VII claim because the plaintiff had an

25

26   _____

27   [3] Mot. – ECF No. 59.

     [4] Opp'n – ECF No. 61.

28   [5] Reply – ECF No. 62.

United States District Court
Northern District of California

arbitration that the union pursued, which foreclosed his Title VII claim.[6] *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 861 (9th Cir. 2016) ("[T]he key inquiry in a Title VII case against a union is whether the union 'deliberately declines to pursue a member's claim because of' a protected classification."). The EEOC determination in no way changes this fact, and the result remains. The plaintiff also failed to file his motion before the one-year deadline after the entry of judgment. Accordingly, the court denies relief under Rule 60(b)(2).

The plaintiff also does not satisfy Rule 60(b)(6). Although Rule 60(b)(6) is a "catch-all" provision, it does not apply to situations "covered by any of the other reasons set forth in Rule 60." *Marroquin*, 112 F.4th at 1217 (cleaned up). The plaintiff framed his motion as based on "newly discovered evidence," and it plainly falls under Rule 60(b)(2). Thus, Rule 60(b)(6) does not apply.[7]

The court denies the motion. This resolves ECF No. 59.

**IT IS SO ORDERED.**

Dated: December 17, 2025

_____
LAUREL BEELER
United States Magistrate Judge

---

[6] Order – ECF No. 55 at 8; Mot. – ECF No. 59 at 3.

[7] Opp'n – ECF No. 61 at 3 n.1.